16602

BROWN *ET AL.* v. C. G. GUNTER, INC., *ET AL.*

(69 S. E. (2d) 596)

*Messrs. Henry P. Willimon and W. A. Bull,* of Green-
ville, *for Appellants,* cite:

*Mr. R. L. Ballentine,* of Anderson, *for Respondents.* cites:

March 14, 1952.

PER CURIAM.

This is a Workmen's Compensation case. The deceased, Joe Brown, is alleged to have sustained an injury at the Walhalla Gin on September 1, 1947, from which he died September 12, 1947, said injury having arisen out of and in the course of his employment. On November 28, 1947, the employers first reported the injury to the South Carolina Industrial Commission. No other reports were thereafter filed with said Commission and no claim was filed by respondents within the one-year period after the death of the employee. However, within this period the Industrial Commission notified the employer and carrier that the case would be set for a hearing. This was done for November 14, 1949. Prior to the hearing, but not within the one-year period, claimant, Bessie Brown, as alleged dependent widow, filed her claim with the Industrial Commission against the Walhalla Gin. After such hearing on November 14, 1949, claimant's attorney learned that the case had been set under the name of C. G. Gunter, Inc., and requested that another day be set for a hearing thereon. This request was granted and on February 14, 1950, the matter was heard before Commissioner John H. Dukes. Without enumerating further details, it is sufficient to say that the Hearing Commissioner rendered his award August 28, 1950, in favor of claimants, Bessie Brown and Josie Brown, as the widow and minor daughter, respectively, as dependents of the deceased.

Application was duly made for review by the Full Commission upon the following grounds:

1. That the findings of the Commissioner and the award of the Commission are contrary to the law and the evidence.

2. That the only reasonable inference to be drawn from the testimony is that. the claim is barred by the limitations of the Workmen's Compensation Law,

3. That no claim was filed within one year,

4. That the alleged Bessie Brown, widow of the deceased, and the alleged minor daughter, Josie Brown, are not dependents of the deceased as provided for in the Workmen's Compensation Act in that the said Bessie Brown was not the legal and lawful wife of the deceased.

As a result of this, the Majority Commission reversed the Hearing Commissioner in the following language: "The Majority Commission, after hearing argument of counsel and after careful consideration of all the evidence in the case, is of the opinion that the Hearing Commissioner erred in his Findings of Fact, Conclusions of Law and Award, and therefore, the Majority Commission reverses the Hearing Commissioner's Opinion and Award in its entirety and the case is dismissed."

From this order an appeal was taken to the Circuit Court, resulting in an order dated August 25, 1951, reversing the order of the Majority Commission, and the matter now comes before this Court upon the following questions as listed by appellants:

"1. Did the Trial Judge err in reversing the Majority Commission and in making the Award of the Hearing Commissioner the judgment of the Court, in that there was ample evidence to sustain the Award of the Majority Commission in reversing the Hearing Commissioner's Award and dismissing the claim of the Claimants?

"2. Are Claimants, Respondents, barred by failure to file claim with the Industrial Commission within one year after death of employee?

"3. Are the Claimants, Respondents, dependents of the deceased employee within the terms of the Wordmen's Compensation Law?

"4. Did Claimants, Respondents, prove essential elements of their case by sworn testimony?

"5. Was Claimants, Respondents, appeal to Court of Common Pleas sufficient?"

This litigation was begun in 1947 and has had a tenuous career. Some of the steps have been eliminated in our statement of the case in the interest of brevity as they in nowise affect the opinion. The Trial Judge, in considering the appeal, treated the matter as though the appeal had been taken from the findings and award of the Single Commissioner rather than those of the Commission as a whole, which of course was improper, Section 7035-63, 1942 Code of Laws of South Carolina. This, however, was most likely brought about by the language used in the order of the Majority Commission in reversing the Single Commissioner. The pertinent portion of that order, heretofore quoted, is most indefinite and general. The grounds for reversal are nowhere stated therein, rendering it impossible for the courts to review such findings.

It is Therefore Ordered that the case be remanded to the Industrial Commission with instructions that they pass upon the questions presented in the application for review in such a manner as to inform the courts upon what their order is based.

BAKER, C. J., and FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.